

EOD
07/24/2013

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DELTA PETROLEUM CORP., et.al., | § | Case No. 11-14006 |
| | § | in the United States Bankruptcy Court |
| | § | for the District of Delaware |
| | § | |
| *Debtors.* | § | Chapter 11 |
| CASTLE TEXAS PRODUCTION, L.P. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Adversary No. 12-6028 |
| | § | |
| THE LONG TRUSTS | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OF DECISION[1]

The Court has heard and considered the following motions: (1) the "Motion to Abstain and Remand to the Texas Supreme Court" filed in this removed action by Larry T. Long, L. Allan Long, and B. Virginia Long, in their respective capacities as Trustees of the Lawrence Allen Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and the John Stephen Long Trust (collectively, the "Long Trusts"); and (2) the Motion to Transfer Venue to the United States Bankruptcy Court for the District of Delaware filed by John T. Young, Jr. (the "Recovery Trustee"), as Trustee for the Delta

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

Petroleum General Recovery Trust. The Recovery Trustee seeks to transfer this action to the United States Bankruptcy Court for the District of Delaware, in which a Chapter 11 petition was filed, and a plan of reorganization was previously confirmed for a number of related entities, including Castle Texas Production, L.P. and Castle Energy Corporation (collectively referenced as "Castle Texas"), and through which the Delta Petroleum General Recovery Trust, with Mr. Young as trustee, became the owner of all claims, counterclaims, and defenses pertaining to those entities. Conversely, the Long Trusts seek to remand this action back to the Supreme Court of Texas from which it was removed by the Recovery Trustee on the eve of oral argument. Following an evidentiary hearing, the court took the matter under advisement. This order disposes of all issues currently before the Court.

*Factual and Procedural Background*

This particular dispute actually began on April 19, 1996 before the 4th Judicial District Court of Rusk County, Texas, when the Long Trusts filed a petition against Castle Texas Production, L.P. ("Castle Texas") and other related entities alleging, *inter alia*, conversion and breach of certain joint operating agreements pertaining to six gas wells located in Rusk County. One week later, Castle Texas filed a counterclaim for breach of contract, alleging that the Long Trusts had failed to pay their share of operating expenses of the leases. The case was eventually tried to a jury, upon which the Rusk County District Court entered judgment, on September 5, 2001, that awarded significant

damages to both sides, including actual damages, prejudgment interest, attorney's fees, and, in the case of the Long Trusts, exemplary damages.

Both sides appealed to the Twelfth Court of Appeals of Texas in Tyler. In 2004, the Twelfth Court of Appeals overturned that portion of the judgment that had been rendered in favor of the Long Trusts, holding that the Long Trusts were not entitled to recover under a theory of conversion where the rights and responsibilities of the two entities were stated "explicitly and in great detail" in the joint operating agreements. *Castle Texas Production, L.P. v. Long Trusts*, 134 S.W.3d 267 (Tex. App.– Tyler 2003, pet. denied). Concluding that the case brought by the Long Trusts should have been tried as a breach of contract case, thereby nullifying the jury's findings on conversion and precluding the availability of any exemplary damages, the Twelfth Court of Appeals reversed and remanded the claims for affirmative relief sought by the Long Trusts to the Rusk County District Court for retrial. *Id.* at 288. Due to the existence of the automatic stay and perhaps other barriers not known to this Court, that retrial has never occurred.

As to the affirmative claims brought by Castle Texas, they withstood appellate scrutiny as to liability, but not as to damages. After Castle Texas and its sister entities accepted a remittitur of damages as offered by the appellate court, the Twelfth Court of Appeals severed that portion of the case pertaining to the affirmative claims of Castle Texas, affirmed the judgment in the reduced amount, as reformed, in favor of Castle Texas (the "Castle Texas Judgment"), and remanded the action to the Rusk County District Court as a distinct action solely for the recalculation of prejudgment interest.

When the district court issued the Castle Texas Judgment as directed by the appellate court, it created a new appellate issue when it calculated post-judgment interest from the date of the original judgment in 2001. The Long Trusts again sought appellate review on that sole issue. The Twelfth Court of Appeals affirmed that decision of the district court[2] and the Long Trusts sought and obtained review by the Supreme Court of Texas in whose hands this case rested prior to the removal to this Court by the Recovery Trustee.[3]

In the midst of this elongated state court dispute, Castle Texas and a number of companies affiliated with it, sought bankruptcy protection in December 2011 before the United States Bankruptcy Court for the District of Delaware. The affiliated cases were jointly administered (though not substantively consolidated) and, on August 16, 2012, the federal bankruptcy court in Delaware confirmed a Third Amended Joint Chapter 11 Plan of Reorganization (the "Confirmation Order").[4] The Confirmation Order authorized the creation of the Delta Petroleum General Recovery Trust[5], to which all claims, counterclaims, and defenses held by Castle Texas (and other entities) were assigned,[6] and

---

[2] *See Long v. Castle Texas Production, L.P.*, 330 S.W.3d 749 (Tex. App. – Tyler 2011, pet granted).

[3] After stay relief had been granted by the Delaware bankruptcy court, the Supreme Court of Texas granted the Long Trusts' petition for review on August 17, 2012. Oral argument was scheduled to occur on December 6, 2012, but the removal of this case by the Recovery Trustee on November 29, 2012 preempted that review process.

[4] Exhibit 3 to Plaintiff's Letter Brief of March 27, 2013, filed at dkt #33 in this adversary.

[5] Delta Petroleum Corp. is a company affiliated with Castle Texas and Delta Petroleum served as the lead case in the bankruptcy joint administration order.

[6] *Id*. at 37-38, ¶ 13; 54-55, ¶ 39.

John T. Young was appointed as the Recovery Trustee of the General Recovery Trust. It also enjoined "all Persons who have held, hold, or may hold any Claim against . . . the Debtors as of the Effective Date" against "commencing or continuing in any manner any action or other proceeding with respect to such Claim."[7] Finally, the Confirmation Order contained a provision that retained jurisdiction in the Delaware Bankruptcy Court to hear all disputes relating to the Plan, the Confirmation Order, or any disputes arising from either, including those disputes relating to the interpretation, implementation, or enforcement of such documents.[8]

On November 29, 2012, the Recovery Trustee removed to this Court the action pending before the Supreme Court of Texas – an action in which the sole unresolved issue is the determination of the proper time under which the post-judgment interest component of the Castle Texas Judgment should properly begin to accrue under Texas law. The Recovery Trustee quickly sought thereafter to transfer this removed action to the federal bankruptcy court in Delaware to which the Long Trusts have objected. The Recovery Trustee contends that this matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). He further argues that federal bankruptcy court in Delaware is presumed to be the proper venue for the resolution of this dispute and that such resolution requires an interpretation of the injunctive provisions of the Confirmation Order — a task that undoubtedly belongs exclusively to the "home bankruptcy court" in

---

[7] *Id*. at 65-66, ¶ 53.

[8] *Id*. at 74-75, ¶ 70.

Delaware.[9]

Conversely, the Long Trusts subsequently filed a motion to remand this action back to the Supreme Court of Texas to which the Recovery Trustee has objected. The Long Trusts contend that this dispute is not a core proceeding, but instead that the principles of mandatory abstention set forth in 28 U.S.C. § 1334(c) mandate that any exercise of federal jurisdiction be declined and the matter returned to state court from which it was removed.[10] The Trusts argue that the post-judgment interest issue is exclusively a Texas law issue which should properly be decided by a Texas state court — particularly since it was pending in the highest Texas court — and that the sole issue to be decided herein is entirely independent of federal or bankruptcy jurisprudence, and does not require an interpretation of the Confirmation Order nor impact its effectiveness.[11]

### *Discussion*

*Jurisdiction*

The first question which must be addressed is whether federal court jurisdiction even exists over this removed state law matter. "Federal courts are courts of limited jurisdiction, and bankruptcy courts are no exception. Their jurisdiction is wholly 'grounded in and limited by statute.'" *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022

---

[9] Plaintiff's Motion at 4-5, 7. All arguments made by both sides in this case were repeated, through the filing of largely duplicative motions on the same grounds, in adversary proceeding 12-6029.

[10] Defendant's Motion at 5-7.

[11] *Id*.

(5th Cir. 1999), *quoting Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Without the existence of subject matter jurisdiction, the Court cannot properly address the remaining requests of the parties.

There is no dispute between the parties that 28 U.S.C. §1334(b) provides the sole basis for the exercise of federal jurisdiction over this case. §1334(b) provides, in relevant part, that:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11. (*emphasis added*).

If a matter falls within one of those three distinct categories of bankruptcy proceedings, thereby giving the district court subject matter jurisdiction over that matter, then the district court may thereafter refer the matter to a bankruptcy court for that district under 28 U.S.C. §157(a). While the parties disagree as to which category rightfully applies,[12] subject matter jurisdiction over this dispute clearly exists in this Court under §1334(b).

However, the existence of bankruptcy jurisdiction under §1334(b) is not a mandate

---

[12] A proceeding "arises under" Title 11 if the proceeding is created or determined by a statutory provision of Title 11. A proceeding "arises in" a case under Title 11 if, by its very nature, it could arise only in the context of a bankruptcy case or, in other words, it is a proceeding which would have no practical existence outside of the bankruptcy context, such as a bankruptcy administrative matter. Finally, a proceeding is "related to" a case under Title 11 if its outcome could conceivably have an effect on a bankruptcy estate. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). These provisions work in conjunction with each other -- moving from those matters with the strongest bankruptcy connection [those "arising under"] to those matters which are only "related to" the bankruptcy proceeding. Thus, it is usually unnecessary for a court to make a determination as to which precise category applies to a particular matter, so long as it determines that it has, at the least, "related to" jurisdiction under §1334. *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995), (*quoting Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 568-69 (5th Cir. 1995).

for a bankruptcy court to exercise it. While Congress clearly intended to give the bankruptcy courts broad jurisdictional limits to allow for the efficient adjudication of types of matters affecting the bankruptcy estate, it also recognized that not all controversies which *could* be relevant to the effective administration of the estate always *would* be so relevant and it is incumbent upon any bankruptcy court to recognize that distinction.[13] Thus, Congress provided statutory provisions for both mandatory and discretionary abstention to allow a bankruptcy court to determine the proper exercise of its broad jurisdictional grant and when to refrain from hearing those controversies which should [or must] be heard in another forum.

*28 U.S.C. §1334(c)(2) - Mandatory Abstention*

Mandatory abstention principles address circumstances under which a bankruptcy court is required to decline the exercise of subject matter jurisdiction over a dispute, notwithstanding its existence under §1334(b).[14] Specifically, 28 U.S.C. §1334(c)(2)

---

[13] The Recovery Trustee suggests that this decision should be reserved for the Delaware bankruptcy court. However the Trustee provides no sound reasoning as to why this court should defer any determination as to whether the exercise of federal judicial power is proper in this case and such inquiry should properly precede any concern about venue. In other words, the inquiry as to *whether* federal judicial power should be exercised should precede any concern about *where* the exercise of that power, if valid, should occur. *See, e.g., Special Value Constinuation Partners, L.P. v. Jones*, 2011 WL 5593058 at *2 (Bankr. S.D. Tex., Nov. 10, 2011); *Ravens II Holdings, L.L.P. v. Quest Title Co. (In re W.S.F.-World Sports Fans, L.L.C.),* 367 B.R. 786, 791 (Bankr. D.N.M. 2007) [recognizing that review of subject matter jurisdiction and mandatory abstention should precede venue analysis]. If the six factors set forth in 28 U.S.C. §1334(c)(2) are present, no federal court has the right to exercise jurisdiction under §1334. *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 380 (Bankr. E.D. Ark. 2003) and cases cited therein.

[14] The Fifth Circuit has previously affirmed that the mandatory abstention statute is applicable to cases removed to federal court under §1452. *See, e.g., In re Southmark Corp.*, 163 F.3d 925 (5th Cir.

provides that —

> (2) Upon timely motion of a party in a proceeding based upon a State law claim . . . , related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Thus, any federal court must abstain from hearing state law claims if: (1) the motion to abstain is timely; (2) the action is based upon a state law claim or cause of action; (3) an action has been commenced in state court; (4) the action can be timely adjudicated in state court; (5) there is no independent basis for federal jurisdiction which would have permitted the action to have been commenced in federal court absent bankruptcy; and (6) the matter before the court is a non-core proceeding. *Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 782-83 (E.D. Tex. 2001); *LaRoche Indus., Inc. v. Orica Nitrogen, L.L.P. (In re LaRoche Indus., Inc.)*, 312 B.R. 249, 252-53 (Bankr. D. Del. 2004).

  Because the Long Trusts filed its motion to abstain only 13 days after the case was removed, its request for abstention is timely. There is no dispute that the action was commenced in state court and is based upon a state law contract claim. The parties agree that §1334(b) provides the only basis for the exercise of federal jurisdiction over this case. Given that there is already a final judgment in this action, which has been affirmed by an intermediate appellate court, and given its status before the Texas Supreme Court

---

1999).

and the limited issue on which that Court granted review, there is no reasonable dispute that the matter can and will be adjudicated timely in the state court process. Thus, the only remaining issue regarding the proper invocation of mandatory abstention is whether this proceeding is properly characterized as core or non-core.

Incorporating language from the Supreme Court's plurality decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50 (1982) regarding the proper allocation of judicial power to non-Article III bankruptcy courts, 28 U.S.C. §157(b)(1) statutorily permits a bankruptcy court to exercise full judicial power over " . . . all core proceedings *arising under* title 11, or *arising in* a case under title 11. . . ." As confirmed by the Fifth Circuit in *Wood*:

> [S]ection 157 apparently equates core proceedings with the categories of "arising under" and "arising in" proceedings. Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. . . . The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside the bankruptcy.

*Wood,* 825 F.2d at 96-97. As the Circuit in *Wood* concluded,

> [i]f the proceeding involves a right created by federal bankruptcy law, it is a core proceeding. . . . If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding. . . .If the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*Id*. at 97 (emphasis in original). Thus, if a claim invokes a substantive right provided by

title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case, it is a core proceeding under §157. *First National Bank v. Crescent Elec. Sply. Co. (In re Renaissance Hosp. Grand Prairie Inc.)*, 713 F.3d 285, 293 (5th Cir. 2013). A claim that cannot meet either of those tests, and is therefore only "related to" a bankruptcy case, is a non-core proceeding under §157(c)(1). *Mirant Corp. v. The Southern Co.,* 337 B.R. 107, 117 (N.D. Tex. 2006); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F.Supp.2d 596, 606 (S.D. Tex. 1999).

As reformed and then severed by the state intermediate appellate court, subsequently made the subject of a revised judgment at the trial court level, and again affirmed by the intermediate appellate court, the removed action in this adversary proceeding deals only with a pending judgment issued in favor of Castle Texas as plaintiff (and now owned by the Recovery Trust) and against the Long Trusts as defendants based upon a breach of contract claim for unpaid joint interest billings occurring in the pre-petition period. *Castle Texas,* 134 S.W.3d at 271. Thus, as confirmed by the Twelfth Court of Appeals, the dispute before the Court is one based entirely upon state contract law. Despite the Recovery Trustee's attempts to recharacterize this dispute as a core matter,[15] no aspect of this case requires the

---

[15] The Recovery Trustee seeks shelter within the language of §157(b)(2) and asserts that this matter fits within the non-exclusive list of matters set forth in that subsection that constitute a core proceeding. However, and without the necessity of addressing the possibility, as set forth in *Stern v. Marshall*, that a matter might be *statutorily* core but not *constitutionally* core, this cause of action is non-core in any event. Section 157(b)(2)(B) and (C) are not implicated by this dispute because there is no evidence that the Long Trusts filed a proof of claim in the Castle Texas bankruptcy case. Further, the action is not transformed into a core proceeding because of the broad language found in the catch-all

-11-

application of federal law generally or bankruptcy law specifically. As recognized in *Marathon*[16] and thereafter emphasized in a plethora of cases, "a state law contract . . . action that is not based on any right created by the federal bankruptcy law, and that could arise outside the context of bankruptcy, is not a core proceeding." *WRT Creditors Liquidation Trust*, 75 F.Supp.2d at 609, *citing Wood*, 825 F.2d at 97 [holding that a proceeding is non-core when "[i]t is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court."]; *see also*, *Coho Oil & Gas, Inc. v. Finley Resources, Inc. (In re Coho Energy, Inc.)*, 309 B.R 217, 222 (Bankr. N.D. Tex. 2004) [finding that "an action seeking damages for pre-petition breaches of pre-petition contracts . . . is a non-core proceeding which neither arises in nor under title 11."]. This is also the recognized law in the Third Circuit. *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990) ["It is clear that to the extent that the claim is for pre-petition contract damages, it is non-core."]; *DHP Holdings II Corp. v. The Home Depot (In re DHP Holdings II Corp.)*, 435 B.R. 264, 271 (Bankr. D. Del. 2010). This case was, in fact, a

---

provisions of §157(b)(2)(A) or (O). *See, SAI Admin. Claim and Creditor Trust v. Benecke-Kaliko, AG (In re SAI Holdings, Ltd.)*, 2009 WL 1616663, at *6 (Bankr. N.D. Ohio, Feb. 27, 2009) and cases cited therein ["[S]tate law contract claims that do not specifically fall within the categories of core proceedings enumerated in §157(b)(2)(B)-(N) are related proceedings under §157(c) even if they arguably fit within the literal wording of the two catchall provisions."]. Accord, *Legal Xtranet, Inc. v. AT&T Mgmt. Svcs., L.P. (In re Legal Xtranet, Inc.)*, 453 B.R. 699, 711 (Bankr. W. D. Tex. 2011) and *Longhorn Partners Pipeline GP, L.L.C. v. KM Liquids Terminals, L.L.C. (In re Longhorn Partners Pipeline, L.P.)*, 408 B.R. 90, 96 (Bankr. S.D. Tex. 2009) ["But not all claims that fall within the literal language of §157(b)(2)(O) can constitute core claims. Almost all debtor claims may affect the estate in that they could lead to a judgment increasing or decreasing the estate assets. If the Court accepted [that] contention, then virtually all 'related to' proceedings would be considered core. Section 157 would serve no purpose."].

[16] *Marathon* involved a pre-petition breach of a pre-petition contract — the same circumstance presented in this case.

state court proceeding for a total of 15 years prior to the filing of any bankruptcy case, and it proceeded in the state courts, even in the post-petition period with the consent of Castle Texas, until the Recovery Trustee removed the matter just days before oral argument was scheduled to proceed before the Supreme Court of Texas. It is a non-core proceeding.[17]

Because the principles of mandatory abstention apply to this case, the exercise of any existing bankruptcy jurisdiction under §1334(b) by this federal court or any other is precluded. The usual remedy that is invoked in this context is dismissal. *See, e.g., Lozano v. Swift Energy Co. (In re Wright)*, 231 B.R. 597, 603-04 (Bankr. W.D. Tex. 1999). However, when the action that has been previously commenced in state court has been unilaterally subjected to removal to a federal court despite the existence of all statutory prerequisites for the imposition of mandatory abstention, and dismissal would eliminate the sole litigation vehicle in existence, a court may instead protect the principles of abstention while simultaneously avoiding an absurd result by remanding the case back to the state court from whence it came. *Id.* at 604; *J.T. Thorpe Co. v. American Motorists*, 2003 WL 23323005, at *5 (S.D. Tex., June 9, 2003); *WRT Creditors Liquidation Trust*, 75 F.Supp.2d at 613; *Mugica v. Helena Chemical Co.*, 362 B.R. 782, 793 (Bankr. S.D.

---

[17] This analysis is not altered by the fact that the claim is now owned by the Recovery Trustee pursuant to the confirmed plan of reorganization or that the plan might have contemplated a recovery. "The test is ... not merely whether a bankruptcy court allowed or authorized the prosecution of the claim. Rather, it is whether the claim would stand alone from the bankruptcy case." *WRT Creditors Liquidation Trust*, 75 F.Supp.2d at 612, and cases cited therein.

Tex. 2007). Because the state court action has been pending for 17+ years and the sole issue remaining to be decided is the issue of the calculation of post-judgment interest under Texas law, the Court finds that, in lieu of dismissal and pursuant to the request of the Long Trusts, that the action should be remanded to the Supreme Court of Texas for further consideration.

*Conclusion*

For the foregoing reasons, the Motion to Abstain and Remand to the Texas Supreme Court filed by the Long Trusts is granted and this cause of action is hereby remanded to the Supreme Court of Texas [previous Supreme Court case no. 11-0161].[18] The motion of the Recovery Trustee to transfer venue to the United States Bankruptcy Court for the District of Delaware is dismissed as moot.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[19] pursuant to FED. R. CIV. P. 52, as incorporated into adversary proceedings in bankruptcy cases by FED. R. BANKR. P. 7052. An appropriate order shall be entered consistent with this opinion.

Signed on 07/24/2013

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

---

[18] This Court does not reach and expresses no opinion on the applicability of the injunctive provisions of the plan confirmation order issued in the Castle Texas bankruptcy case to the continued prosecution of this action in the Texas court system.

[19] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.